Filed 11/20/13  P. v. Mardis CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F065529 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BF139770B) |
| JAMIE WAYNE MARDIS, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey and Michael G. Bush, Judges.†

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Poochigian, J. and Franson, J.

†       Judge Humphrey presided over appellant's change of plea hearing.  Judge Bush sentenced appellant.

**INTRODUCTION**

On April 27, 2012, appellant, Jamie Wayne Mardis, entered into a plea agreement in which he would admit one count of second degree robbery (Pen. Code, §§ 211 & 212.5, subd. (c), count 1),[1] a prior serious felony allegation within the meaning of the three strikes law, and a prior prison term enhancement. In exchange for appellant's plea, six remaining felony allegations and a number of gun enhancement allegations were to be dismissed and appellant would receive a stipulated sentence of 11 years in prison.[2] Appellant executed a felony advisement of rights, waiver and plea form acknowledging the terms of the plea agreement, the consequences of his plea, and that he was waiving his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122.

On April 27, 2012, in open court, appellant acknowledged that he was going to admit the above-noted allegations and would receive a stipulated prison term of 11 years. Appellant acknowledged to the court that he executed the plea form, went over constitutional rights with his attorney, understood his rights, and was waiving those rights. The parties acknowledged that there was a factual basis for the plea. Appellant pled no contest to one count of second degree robbery. Appellant admitted a prior serious felony conviction within the meaning of the three strikes law and a prior prison term enhancement. The court granted the prosecutor's motion to dismiss the remaining allegations.

On June 26, 2012, the trial court denied appellant's request to strike the serious prior felony allegation pursuant to section 1385 and *People v. Superior Court* (*Romero*)

---

[1] All statutory references are to the Penal Code.

[2] The six dismissed felonies were for a residential burglary, two counts of receiving stolen property, being a felon in possession of a firearm, being a felon in possession of ammunition, and possession of a sawed-off shotgun.

(1996) 13 Cal.4th 497, and sentenced appellant to the upper term of five years, doubled to ten years pursuant to the three strikes law, plus a consecutive term of one year for the prior prison term enhancement. Appellant's total prison term is 11 years. The court awarded appellant total custody credits of 225 days, imposed a $240 restitution fine, and imposed other fees and assessments. Appellant obtained a certificate of probable cause. Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

**FACTS**

Mario Martinez testified at the preliminary hearing that on December 14, 2011, he met Christal Rutter and Heather Dysart at the Long Branch Saloon in Oildale. The three left together to go to another establishment where Martinez had a room. As Martinez walked to his room, Rutter suggested they have a few more drinks. Martinez rode with Rutter and Dysart in a vehicle driven by Dysart to an AM/PM market to get some wine coolers. The three went back to Martinez's room to drink the coolers.

Rutter was texting continuously with someone she described as a friend. Rutter asked Martinez if another girl could come over to the room. Martinez told her no because it made him feel uncomfortable. After a while, Martinez told the women it was getting late and they had to leave. The women asked Martinez if he wanted to engage in some "risky play" not involving sex. Dysart took off her top and Martinez removed his shirt.

Rutter grabbed the door handle and the door burst open. Appellant and codefendant Kelly entered the room. Appellant pointed a shotgun at Martinez's head. Appellant told Martinez to "be cool" because they only wanted his stuff. Appellant handed the gun to Kelly, who then pushed Martinez face down onto the bed. Kelly began to hit Martinez with the butt of the gun. Martinez was also hit with a fist. The group then

3

ransacked Martinez's room and ripped things apart.  After about a minute, the group told Martinez to count to one thousand and not to call the police.  They then ran out the door.

Martinez ran to the front office hotel clerks, told them he had been robbed, and they called 911.  Martinez's clothes, laptop computer, camera, phone, earpiece, toothbrush, combs, and a book were missing.  The assailants also took Martinez's leather jacket and wallet, which contained four credit cards.  Martinez described the gun as a 12-gauge sawed-off shotgun.

The group was pulled over at 3:30 a.m. on December 14, 2011.  Officers found a shotgun and property that belonged to Martinez in the vehicle.  Martinez identified the shotgun as the one used during the robbery.  Martinez also identified property recovered from the assailants' vehicle as belonging to him.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*Wende*, *supra*, 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court.  By letter on December 10, 2012, we invited appellant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

4